203 N.J. Super. 15 (1985)
495 A.2d 886
CPS CHEMICAL COMPANY, INC., PLAINTIFF-RESPONDENT,
v.
THE CONTINENTAL INSURANCE COMPANY, DEFENDANT-RESPONDENT, AND UNITED STATES FIDELITY & GUARANTY CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1985.
Decided July 16, 1985.
*16 Before Judges KING, DEIGHAN and BILDER.
John Peter Duggan argued the cause for appellant (Wolff, Helies & Duggan, attorneys).
Lee W. Shelly argued the cause for respondent CPS Chemical Company, Inc. (Foley, Shelly & Niemann, attorneys).
Charles Lee Thomason argued the cause for respondent Continental Insurance Company (Evans, Koelzer, Osborne & Kreizman, attorneys).
PER CURIAM.
This appeal is taken from an interlocutory order ruling that several insurance carriers had a duty as a matter of law to *17 defend a pollution liability claim under a general comprehensive liability policy. In this action plaintiff CPS Chemical Company, Inc. (CPS) sought a declaration that defendants, the Continental Insurance Company (Continental) and United States Fidelity & Guaranty Company (U.S.F. & G.), were obligated to defend and indemnify it under their comprehensive liability policies despite pollution, completed operations, and products liability exclusions.
The dispute arises out of a law suit, presently pending in the United States District Court for the Eastern District of Pennsylvania, City of Philadelphia v. Stepan Chemical Company, No. 81-8051, in which the City has alleged that CPS and 33 other defendants generated toxic wastes which were illegally deposited in a city garbage dump causing consequential damages to the environment.
On August 4, 1982 Federal Judge Ditter granted partial judgment on the pleadings for defendants in the Eastern District action. His order recited
1. The motion is granted on plaintiff's claims pursuant to the Clean Water Act (Count II); the federal common law of nuisance (Count III); the Pennsylvania Solid Waste Management Act (Count V); the Clean Stream Law (Count VI); and the Philadelphia Code (Count IX).
2. The motion is denied on plaintiff's claim for response costs under the Comprehensive Environmental Response, Compensation and Liability Act (Count I); common law nuisance (Count III): common law strict liability (Count IV); common law trespass (Count VII), and negligence (Count VIII).
Thus there remained pending against CPS common-law nuisance and trespass actions.
On August 8, 1984 the Law Division judge issued an opinion entering a partial summary judgment in this action before us which declared that the defendants Continental and U.S.F. & G. were obligated under their general comprehensive liability policies to provide a defense for plaintiff in the law suit pending in the Eastern District. See 199 N.J. Super. 558 (Law Div. 1984). We granted U.S.F. & G.'s motion for leave to appeal from that order. R. 2:2-4.
*18 In the federal suit the City has alleged that CPS contracted with ABM Disposal Service Company (ABM) to dispose of hazardous waste generated by CPS. The City also alleged that ABM illegally dumped these wastes on property owned by the City on numerous occasions from October 9, 1974 up to December 10, 1975. The Continental policy was in effect from March 2, 1974 to March 2, 1975; the U.S.F. & G. policy was in effect from March 2, 1975 to March 2, 1977. The surviving counts of the complaint allege both common-law and statutory theories of liability for which there may be coverage and seemingly intentional tort theories for which there may be no coverage.[1]
At the summary judgment hearing on February 14, 1984 the attorney for CPS told the Law Division judge that the City had dropped or was about to drop the intentional tort allegations alleged in Count Seven. He said
There is in count seven, what is best characterized as a mixed allegation. It is the cause of action couched in trespass but in paragraph one-o-three it alleges that all of the defendants did intentionally, willfully, recklessly, negligently and with wanton disregard for the consequences, trespass and cause others to trespass on City owned property for the purpose of dumping Defendant's hazardous wastes. We had submitted to the City a stipulation dismissing with prejudice the entire seventh cause of action.

*19 We were informed by the department solicitor his agreement to, and in his words, dropping the claim.
However, so as not to mislead the Court and in as much as there has not yet been filed officially nor do you have a signed stipulation, it may be that the department solicitor's agreement which I don't doubt may be limited to the claims of intentional willfulness which due to Court's prior ruling on this motion for summary judgment, was the primary allegations that we would have liked to see dropped from the count. But I think I can represent to the Court, either the entire seventh count would be dismissed or at least allegations of intentional or willfulness will be dismissed and that will be dismissed shortly.
This representation was accepted by the judge who relied on it in his opinion. "A count for intentional tort and reckless trespass was originally included but dropped from the city's complaint against CPS." 199 N.J. Super. at 562; see also id. at 564 where the judge said: "Thus in determining whether a duty to defend exists, this court is not required to consider knowing and intentional actions of plaintiff...."
Following the grant by this court of a motion to supplement the record, Mr. Thomason, counsel for Continental filed this unopposed affidavit.
2. On February 14, 1984 the plaintiff-respondent CPS Chemical Company, Inc., moved for partial summary judgment before the Honorable David Landau of the Superior Court of New Jersey, Law Division, Essex County. A material issue was whether it was accidental or intentional that the hazardous waste disposal activities of plaintiff CPS Chemical caused damage to property owned by the City of Philadelphia.
3. In its argument to the Court, counsel for CPS Chemical made the following representation with regard to the allegations in the underlying liability action captioned City of Philadelphia v. Stepan Chemical Company, et al, (Civ. No. 81-0851, U.S. District Court, E.D.Pa.).
[The affidavit then recites the representation by CPS' counsel quoted above].
4. On February 22, 1985, I endeavored to determine the accuracy of the representation made by CPS Chemical on February 14, 1984. Frank Bader, the Assistant City Solicitor in Philadelphia in charge of the underlying liability action City of Philadelphia v. Stepan Chemical Company, et al, informed me that Count Seven of the Complaint had never been dismissed, and also, that the allegations of intentional and willful conduct had not been dismissed. Also, Assistant Solicitor Bader confirmed this fact with Ken Cooper another Assistant City Solicitor of Philadelphia in charge of that matter.
5. In granting CPS Chemical's motion for partial summary judgment, Judge David Landau made the following observations. (Opinion of August 8, 1984).

*20 A count for intentional tort and reckless trespass was originally included but dropped from the City's complaint against CPS.
* * * * * * * *
Thus, in determining whether a duty to defend exists, this Court is not required to consider knowing and intentional actions of the plaintiff. .. .
This understanding by the Court formed, in part, the basis of the decision to grant CPS partial summary judgment, and this is apparent from the Court's statement on page 5 of the written opinion.
Absent contrary allegations by the City of Philadelphia in its Complaint, or affidavits intending to show intent or knowledge in opposition to this motion, the Court accepts for this motion that the alleged ABM disposal was unexpected and unforeseen by the plaintiff and therefore constitutes an accident within the generally accepted definition of that term.
6. The materiality of counsel's representation about a dismissal and its impact on the decision below is evidenced further by the fact that an identical motion made earlier by CPS was denied. CPS' original motion on the issue of the duty to defend was denied by Hon. F. Michael Caruso, J.S.C. because Philadelphia had alleged that CPS' actions were knowing and intentional. Judge Caruso ruled that the allegations of intentional and knowing trespass and dumping created a factual dispute as to whether the liability insurers had any duty to defend. One year later, when CPS erroneously represented to Judge Landau that the intentional claims were dismissed, then the Court decided that the material factual issue noted by Judge Caruso had been eliminated and partial summary judgment was granted.
7. Based on the foregoing, it is apparent that the representation of counsel for CPS Chemical did affect Judge Landau's decision on a material point when he granted partial summary judgment. Accordingly, defendant-respondent Continental Insurance Company requests that the Court amend and correct the record regarding the fact that the allegations of intentional wrongdoing made against CPS Chemical in the underlying liability action, City of Philadelphia v. Stephan Chemical Company, et al. were never dismissed.
We conclude that the existence of unresolved issues concerning the nature of the claims of the City and their impact on the allegations of coverage under the policies issued by Continental and U.S.F. & G. requires reversal of the order granting summary judgment on the issue of the duty to defend. Not only is there a serious question about the nature of the claim, i.e., whether the plaintiff's conduct was intentional or inadvertent, but there is also a serious question of when the damage occurred during the respective policy periods. Moreover, our Supreme Court decided Hartford Accident & Indemnity Company *21 v. Aetna Life & Casualty Company (Hartford v. Aetna), 98 N.J. 18 (1984) (decided November 15, 1984), several months after the decision in the Law Division issued in this matter.
We therefore conclude that on the record before us the defendants should not be required as a matter of law, or permitted, to assume the defense. "This is not to free the carrier from its covenant to defend, but rather to translate its obligation into one to reimburse the insured if it is later adjudged that the claim was one within the policy covenant to pay." Hartford v. Aetna, 98 N.J. at 23, citing Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 390 (1970). We therefore remand this matter for reconsideration of the duty to defend in light of Hartford v. Aetna.
We do not express any opinion on the merits of the opinion of the Law Division on the coverage issues discussed therein, i.e., "existence of Occurrence," 199 N.J. Super. at 563, "the completed operations hazard exclusion," id. at 568, and "the pollution exclusion," id. at 569. Any decision on these coverage questions should await an appeal from a final judgment, whether entered before or after resolution of the suit in the Eastern District of Pennsylvania.[2]
Reversed and remanded for further proceedings. We do not retain jurisdiction.
NOTES
[1] The Seventh Count alleges:

102. Each of the allegations of the preceding paragraphs is incorporated herein by reference.
103. Defendants did intentionally, willfully, recklessly, negligently, and with wanton disregard for the consequences, trespass and cause others to trespass on City-owned property for the purpose of dumping defendants' hazardous wastes.
104. At no time did the City license, permit, or otherwise authorize defendants to dispose of their hazardous wastes at the Enterprise site.
105. The presence of defendants' hazardous wastes at the Enterprise site constitutes a continuing trespass.
106. Defendants' hazardous wastes are polluting and/or threaten to pollute surface and ground waters flowing within the City's boundaries, which condition constitutes a continuing trespass.
107. Defendants are liable in trespass for all direct and consequential damages suffered by the City as a result of the disposal of their wastes at the Enterprise site.
[2] At oral argument we did not detect any real problem concerning the insured initially assuming the cost of defense and later looking for reimbursement from one or both insurers, if it prevails on the coverage questions. See Hartford v. Aetna, 98 N.J. at 24, n. 3. In this situation where the theory of the law suit, the dates of the occurrence of the damages which trigger coverage, if any, and even the basically applicable substantive law may remain in doubt until the outcome of the suit by the City of Philadelphia and indeed any appeal, the best solution may be to permit the insured to defend the action and then seek relief under the policies by way of damages after resolution of the City's claims. E.g., "That action may, as here, follow the trial of the third party's suit against the insured." Burd v. Sussex Mutual, 56 N.J. at 391.